IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORNELIUS "MEE MEE" BROWN, | )<br>)<br>) 8:16CV569 |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) **MEMORANDUM** |
| DEPARTMENT OF HEALTH & HUMAN SERVICES, SHERI DAWSON, Director of Behavioral Health, JOHN KROLL, Director of Nursing @ Norfolk Regional Center, DIANE SCHUMACHER, Physician Assistant @ Norfolk Regional Center, AMR BELTAGUI, Personal Psychiatrist @ Norfolk Regional Center, and LINDA HANSEN, Unit Supervisor @ Norfolk Regional Center, | ) **AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff Cornelius "Mee Mee" Brown ("Plaintiff") filed her Complaint (Filing 1) on December 29, 2016, and an Amended Complaint (Filing 11) on February 11, 2017, and has been granted leave to proceed in forma pauperis (Filing 5). The court now conducts an initial review of Plaintiff's complaints to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff, who is civilly committed at the Norfolk Regional Center ("NRC"), makes the following allegations and demands:

<p>
<s>
</s>
</p>

A. NRC staff members have "retaliated" against her in unspecified ways because of Plaintiff's pending lawsuit against the Lincoln Regional Center ("LRC"), of which the NRC staff allegedly learned through the LRC staff. (Filing 1 at CM/ECF p. 2.)

B. Defendant Linda Hansen interrogated Plaintiff regarding her thoughts of mutilating Plaintiff's penis, during which Hansen laughed and "[shook] her head in disgust." Defendant Kroll has allegedly refused to address this issue despite Plaintiff's grievances. (Filing 11 at CM/ECF p. 6.)

C. A grievance attached to one of Plaintiff's complaints indicates that the NRC has issued to Plaintiff "an order to allow [her] to be in the bathroom on the unit by [herself]" that apparently requires Plaintiff to place a cone in front of the bathroom when she is using it. Plaintiff complains that this "is a really big inconvenience for me when I've had to use the bathroom and both restrooms were occupied." Plaintiff wants her "own personal bathroom, not to have to wait . . . ." (Filing 11 at CM/ECF p. 9.)

D. Plaintiff requests an injunction ordering that: (1) her gender-identity disorder be evaluated by an Omaha, Nebraska, specialist in transgender treatment; (2) she be allowed to begin estrogen treatments to be provided by the Nebraska Department of Health and Human Services; (3) she be allowed to use a private bathroom that is separated from male patients for her safety; and (4) she be placed in outpatient therapy.

E. Plaintiff sues the defendants in their individual capacities (Filing 11 at CM/ECF p. 2) and, besides an injunction, also demands $1.5 million for the violation of her Eighth and Fourteenth Amendment rights and defamation of character, as well as $750,000 in punitive damages.

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### A.  Personal Involvement

Liberally construed, Plaintiff here attempts to assert federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow,*

997 F.2d 494, 495 (8th Cir. 1993). "[T]he plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." *Jackson v. Nixon,* 747 F.3d 537, 543 (8th Cir. 2014).

Here, the only specific allegations Plaintiff makes about the named defendants are as follows:

• Plaintiff discussed the bathroom issue with defendants Schumacher and Beltagui.

• Plaintiff tried to call defendant Dawson by telephone three times from December 15-19, but did not get a response until December 22.

• Plaintiff filed four grievances from December 15-21, but has not gotten a response from defendant Kroll.

• Defendant Beltagui recommended that Plaintiff consult with Dr. Gene Amouri, a specialist in transgender treatment in Omaha, Nebraska.

• Defendant Linda Hansen interrogated Plaintiff regarding her thoughts of mutilating Plaintiff's penis, during which Hansen laughed and "[shook] her head in disgust."

While Plaintiff names six defendants in this matter, she does not allege that any of them were personally involved in constitutional violations. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See Krych v. Hvass*, 83 Fed.

4

Appx. 854, 855 (8th Cir. 2003) (unpublished) (holding that court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption). As presently drafted, Plaintiff's complaints fail to state a claim upon which relief can be granted against any named defendant.

On the court's own motion, Plaintiff will have until April 10, 2017, to file an amended complaint that asserts her legal rights or interests and that sets forth a short and plain statement of the claims against each defendant. Plaintiff should be mindful to explain what each defendant did or is doing to deprive her of her constitutional rights, and what specific legal rights Plaintiff believes each defendant has violated.

## B. Sovereign Immunity

Plaintiff explicitly states that she sues the defendants in their individual capacities for money damages and injunctive relief. (Filing 11 at CM/ECF pp. 2, 6.) She also sues the Nebraska Department of Health and Human Services ("NDHHS"), which is a state agency. The Eleventh Amendment bars claims for damages by private parties against a state and its agencies or departments. *See Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995)*; *Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995)*. Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *Egerdahl, 72 F.3d at 618-19*. Here, there is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Accordingly, Plaintiff's claims for money damages against defendant NDHHS are barred by the Eleventh Amendment and shall be dismissed.

### III.  PLAINTIFF'S CLAIMS

In order to avoid dismissal for failure to state a claim upon which relief can be granted, Plaintiff's amended complaint must set forth factual allegations consistent with the discussion of those claims below.

### A.  Eighth/Fourteenth Amendment Claims

#### 1.  Medical Needs

Plaintiff bases some of her constitutional claims on the Eighth and Fourteenth Amendments.  However, the Eighth Amendment's proscription against "cruel and unusual punishments" does not apply to civilly committed detainees because they are not being punished for criminal offenses. *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004) ("because an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply"). Rather, "[t]he rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment." *Id*.

Under the Due Process Clause of the Fourteenth Amendment, involuntarily committed persons retain substantive liberty interests, which include the rights to adequate food, shelter, clothing, and medical care; safe conditions of confinement; and freedom from unnecessary bodily restraint. *Youngberg v. Romeo*, 457 U.S. 307, 315-316 (1982). To determine whether the nature and extent of an infringement of a liberty interest rises to the level of a due process violation, the court must balance the individual's liberty interest against relevant state interests. *Id*. at 320-321.

Here, Plaintiff claims she is being denied access to a medical evaluation by a specialist and estrogen therapy for her gender-identity disorder ("GID"). "[W]here a [civilly-committed] patient's Fourteenth Amendment claim is for constitutionally deficient medical care, we apply the deliberate indifference standard from the Eighth

Amendment." *Mead v. Palmer*, 794 F.3d 932, 936 (8th Cir. 2015) (quotation marks and citation omitted); *Revels*, 382 F.3d at 874 (recognizing that Fourteenth Amendment applied to involuntarily committed patient's § 1983 claims, but applying Eighth Amendment standards because patient's "confinement is subject to the same safety and security concerns as that of a prisoner"). Therefore, while Plaintiff is not a prisoner, Eighth Amendment standards apply to her claim.[1]

---

[1] The Eighth Circuit Court of Appeals has applied this Eighth Amendment analysis to claims similar to Plaintiff's, as have the United States Supreme Court and courts in other jurisdictions. *Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (applying Eighth Amendment to inmate's claim that prison officials refused to provide hormone-replacement therapy for GID); *Long v. Nix*, 86 F.3d 761 (8th Cir. 1996) (prison officials were not deliberately indifferent to medical needs of prisoner who claimed to be transsexual and, thus, prison officials were not liable in prisoner's § 1983 action alleging that prison officials' failure to treat inmate's GID constituted cruel and unusual punishment; assuming without deciding that GID is serious medical need for purposes of Eighth Amendment analysis); *White v. Farrier*, 849 F.2d 322 (8th Cir. 1988) (applying Eighth Amendment to transsexual inmate's § 1983 claim against prison officials who refused to permit inmate to have sexual reassignment surgery, cosmetic procedures, hormone therapy, female clothing and cosmetics, and transfer to women's prison; concluding that transsexualism is serious medical need to which prison officials may not act with deliberate indifference); *see also Farmer v. Brennan*, 511 U.S. 825 (1994) (§ 1983 claim brought by preoperative transsexual inmate challenging prison officials' failure to protect him from danger analyzed under Eighth Amendment); *Kosilek v. Spencer*, 774 F.3d 63, 90 (1st Cir. 2014) (applying Eighth Amendment to inmate's lawsuit against prison officials for failure to provide sex-reassignment surgery to treat inmate's GID); *Battista v. Clarke*, 645 F.3d 449, 452 (1st Cir. 2011) ("although protection of civilly committed persons rests on due process concepts rather than the Eighth Amendment, deliberate indifference is the familiar test for medical care"; affirming district court's finding that state officials were deliberately indifferent—or exercised unreasonable professional judgment—with regard to medical needs of civil detainee with GID by denying detainee hormone therapy).

The Eighth Amendment deliberate indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) she suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016) (as amended Mar. 4, 2016). "A medical condition is 'objectively serious' if the prisoner was diagnosed by a doctor or it is so obvious that a lay person would recognize the medical need." *Id*. "The subjective prong of deliberate indifference is an extremely high standard that requires a mental state of more . . . than gross negligence. It requires a mental state akin to criminal recklessness." *Id*. (internal quotation marks and citations omitted).

Plaintiff generally alleges that she suffers from an objectively serious medical need and that the defendants know of her condition, but have refused evaluation and treatment for that condition.[2] At this preliminary stage in the proceedings, the court expresses no opinion on whether female hormone therapy is medically necessary for Plaintiff or whether NRC staff members have legitimate reasons for denying her such treatment. However, providing that Plaintiff files an amended complaint that specifies the defendants who have denied her such treatment, Plaintiff may state a claim for relief. *See Rosati v. Igbinoso*, 791 F.3d 1037 (9th Cir. 2015) (finding inmate stated cause of action under Eighth Amendment based on denial of request for sex-reassignment surgery); *De'lonta v. Johnson*, 708 F.3d 520, 526 n.4 (4th Cir. 2013) (same); *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D. Cal. Mar. 31, 2015) (same); *Soneeya v. Spencer*, 851 F. Supp. 2d 228, 245 (D. Mass. 2012) (finding

---

[2]Of course, it remains to be seen whether Plaintiff has been medically diagnosed with gender-identity disorder or dysphoria and whether medical professionals think the therapy suggested by Plaintiff (estrogen therapy) is appropriate. *Reid*, 808 F.3d at 1192 (no Eighth Amendment violation when prison officials refused to provide hormone-replacement therapy for GID when numerous mental-health professionals evaluated inmate and none diagnosed her with GID or concluded that treatment for such disorder was appropriate).

inmate diagnosed with GID, with a history of suicide attempts and self-mutilation, had serious medical condition for which the Eighth Amendment required treatment); *see also Fields v. Smith*, 653 F.3d 550, 554-59 (7th Cir. 2011) (affirming district court's determination that statute barring hormone treatment and gender reassignment surgery for prisoners was unconstitutional).

### 2. Type of Treatment Provided

As part of the "relief requested" section of her Amended Complaint, Plaintiff asks to "be placed in out-patient therapy since plaintiff has successfully completed the Norfolk Program 12-21-14–9-9-16." (Filing 11 at CM/ECF pp. 2, 6.) I have previously held "that release from confinement is not a remedy which may be awarded in a civil rights action such as this pursuant to 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)." *Winters v. O'Neill*, No. 4:03CV3071, 2006 WL 126633, at *2 (D. Neb. Jan. 17, 2006). Accordingly, this request for relief shall be denied.

### 3. Private Bathroom

Plaintiff alleges that she is entitled to a private bathroom for her safety. She does not allege how the NRC's procedure of allowing her to use the main restroom alone by placing cones in front of the restroom has subjected her to danger; rather, she only alleges that such a procedure is "inconvenient." (Filing 11 at CM/ECF p. 9.)

The state, and its officials, have a duty imposed by the Substantive Due Process Clause of the Fourteenth Amendment to provide a "reasonably safe environment" for individuals involuntarily confined in a state mental health facility. *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006) (quoting *Beck v. Wilson*, 377 F.3d 884, 890 (8th Cir. 2004)). "To recover under § 1983 for a breach of that constitutional duty, a plaintiff must prove that a state official either intentionally violated the duty (such

9

as criminal assault by a staff member) or was deliberately indifferent to a known excessive risk to patient safety (such as assault by another patient)." *Id.*

Plaintiff's allegations do not support a claim that state officials denied her a reasonably safe environment, and there are no allegations suggesting that NRC staff members were deliberately indifferent to a known risk to Plaintiff's safety. I shall allow Plaintiff to file an amended complaint to allege facts supporting such a claim, if Plaintiff can truthfully do so.

### 4. Belittling Plaintiff

Plaintiff alleges that defendant Linda Hansen interrogated her regarding her thoughts of mutilating Plaintiff's penis, during which Hansen laughed and "[shook] her head in disgust." These allegations do not state a claim upon which relief may be granted under § 1983, and any claim Plaintiff intended to assert on this basis shall be dismissed. *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) ("Verbal abuse is normally not a constitutional violation."); *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997) ("The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.") (quotation marks and citation omitted); *Kalmio v. Mettler*, No. 4:13-CV-083, 2013 WL 4478691, at *2 (D.N.D. Aug. 20, 2013) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") (quotation marks and citations omitted).

### B. First Amendment Retaliation

Plaintiff claims that the defendants have retaliated against her for filing a lawsuit against the Lincoln Regional Center, the institution in which Plaintiff resided immediately prior to her placement at the NRC.

10

To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) she engaged in protected activity; (2) the government official took adverse action against her that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870 (8th Cir. 2004) (citing *Naucke v. City of Park Hills*, 284 F.3d 923, 927-28 (8th Cir. 2002)). Further, "[t]o prevail in an action for First Amendment retaliation, 'plaintiff must show a causal connection between a defendant's retaliatory animus and [plaintiff's] subsequent injury.'" *Osborne v. Grussing*, 477 F.3d 1002, 1005 (8th Cir. 2007) (quoting *Hartman v. Moore*, 547 U.S. 250 (2006)).

Plaintiff's complaints fail to specify what adverse actions any of the defendants have taken that were motivated by Plaintiff's filing of a lawsuit against the LRC. Plaintiff only alleges that "plaintiff believes that [a defendant in the LRC lawsuit] discussed the LRC action with the NRC administration which contributes to the retaliation towards the plaintiff." (Filing 1 at CM/ECF p. 2 (capitalization corrected).) Plaintiff shall be given leave to amend her complaint to properly allege a First Amendment retaliation claim if the facts support such a claim.

**C. Defamation**

Plaintiff alleges that she suffered "defamation of character" when the defendants violated her constitutional rights. However, Plaintiff does not state who made the allegedly defamatory statements or the nature of the alleged defamatory statements. Regardless, "[d]amages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975). Accordingly, Plaintiff's defamation claim will be dismissed.

**D.  Responses to Grievances**

To the extent Plaintiff intends to base a § 1983 claim on her allegations that the defendants failed to respond to her grievances and complaints in a timely fashion, such allegations do not constitute a violation of Plaintiff's constitutional rights.  *See Merryfield v. Jordan*, 431 Fed. App'x 743, 749 (10th Cir. 2011) (holding that civilly committed sex offender lacked any federal constitutional right to an adequate grievance procedure); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (holding that allegations regarding actions of prison officials in handling prisoner's grievances and regulating access to his attorney were insufficient to state a constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that inmates have no "liberty interest" in the processing of their grievances, such as would support § 1983 claim for prison official's failure to pick up his completed grievance forms).

Accordingly,

IT IS ORDERED:

1.  On or before April 10, 2017, and subject to the exceptions set forth in paragraph (2) below, Plaintiff may file an amended complaint that asserts her legal rights or interests and that sets forth a short and plain statement of the claims against *each* defendant.  Plaintiff should be mindful to explain what each defendant did or is doing to deprive her of her constitutional rights, and what specific legal rights Plaintiff believes each defendant has violated.

2.  Plaintiff is *not* given leave to amend her allegations regarding the following purported claims because they shall be dismissed for failure to state a claim upon which relief may be granted or due to immunity:

12

(a) Plaintiff's claims for money damages against defendant Department of Health & Human Services are dismissed as barred by the Eleventh Amendment.

(b) Plaintiff's request for relief in the form of a transfer to outpatient therapy is denied, as release from confinement is not a remedy which may be awarded in a civil rights action pursuant to 42 U.S.C. § 1983.

(c) Plaintiff's claim that defendant Linda Hansen belittled her is dismissed for failure to state a claim upon which relief can be granted under § 1983.

(d) Plaintiff's defamation claim is dismissed for failure to state a claim upon which relief can be granted under § 1983.

(e) Plaintiff's claims that the defendants failed to respond to her grievances and complaints in a timely fashion are dismissed for failure to state a claim upon which relief can be granted under § 1983.

3. Plaintiff's amended pleading will ***supersede***, rather than supplement, her first two complaints (Filings 1, 11), so Plaintiff shall combine all of her allegations into ***one*** document entitled "Second Amended Complaint," which shall be considered the only operative complaint in this case after its filing.

4. Plaintiff's "Second Amended Complaint" shall be filed no later than April 10, 2017. Should Plaintiff fail to do so, this action will be dismissed without further notice. The Clerk of Court is directed to set a case management deadline using the following text: April 11, 2017: check for Second Amended Complaint.

5. The Clerk of Court shall add to this case defendants Dianna Mastny and Lori Strong, who Plaintiff identifies in the body of her Complaint as employees of the

Norfolk Regional Center where Plaintiff is civilly committed. (Filing 1 at CM/ECF p. 2.)

  6. The documents appearing at Filing 14, which were filed by Plaintiff and were apparently intended to be a supplement to her complaints, are stricken because they were filed without the court's permission and not in compliance with NECivR 15.1.

  DATED this 9th day of March, 2017.

            BY THE COURT:
            s/ *Richard G. Kopf*
            Senior United States District Judge