IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MEE MEE BROWN, | ) | |
| Plaintiff, | ) | 8:16CV569 |
| v. | ) | |
| | ) | **MEMORANDUM** |
| SHERI DAWSON, et al., | ) | **AND ORDER** |
| Defendants. | ) | |

Plaintiff, a resident at the Norfolk Regional Center, has filed a "Memorandum" (Filing No. 32) requesting that she be allowed to serve "declarations to potential witnesses" at the Norfolk Regional Center without the involvement of her treatment team. Plaintiff claims that members of her treatment team have intercepted her requests to "other patients who can attest to the retaliation" Plaintiff has suffered. Plaintiff requests an order allowing her "to request, work with, and receive any legal material(s) without having to consult with the treatment team." (Filing No. 32 at CM/ECF p. 2.) Construed as a motion, Plaintiff's "Memorandum" will be denied for two reasons.

*Demonstration of Relevance*

First, although Federal Rule of Civil Procedure 26(b)(1) broadly allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,"[1] a "threshold showing of relevance

---

[1] Rule 26(b)(1) requires that the scope of discovery be determined with reference to several factors:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Here, Plaintiff broadly asks this court for an order allowing her to issue requests to fellow patients for evidence regarding "retaliation" and to "receive any legal material(s)."

While I have allowed Plaintiff's First Amendment retaliation claim to proceed (Filing No. 28 at CM/ECF p. 11)—that is, that the defendants have prevented Plaintiff from advancing in her treatment program in retaliation for her filing lawsuits and contacting the ombudsman regarding the exercise of her "transgender rights"—it is not clear what evidence Plaintiff seeks from whom and how such evidence is relevant to her claims. Such a showing is required before "parties are required to open wide the doors of discovery." *Hofer*, 981 F.2d at 380. *See also Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) ("[D]iscovery may not be had on matters irrelevant to the subject matter involved in the pending action. . . ."); Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

Plaintiff's request must be denied for failure to show what relevant, specific information sought from named patients at the Norfolk Regional Center is being withheld from her.

### *Institutional Procedures*

Plaintiff requests that she be able to gather information from unnamed patients without the involvement of members of her treatment team because her team would undoubtedly deny and refuse to deliver her requests for information because "the entire NRC Staff and administration is now aware of my civil action." (Filing No. 32 at CM/ECF p. 2.)

The court will not involve itself in managing, or establishing policy regarding, the flow of information between patients at the Norfolk Regional Center. *See Willis v. Smith,*

No. C04-4012, 2005 WL 550528, at *17 (N.D. Iowa Feb. 28, 2005) (deferring to administrators' decision that giving plaintiff access to certain book would have "potentially detrimental impact on the integrity of the treatment process on the [Civil Commitment Unit for Sexual Offenders]" and recognizing that "the court must return to the appropriate deference due the decisions of the institution's administrators 'and appropriate recognition [of] the peculiar and restrictive circumstances of [the patients'] confinement.'"; "Furthermore, where the institution in question is a state institution, 'federal courts have a further reason for deference to the appropriate . . . authorities.'") (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 125, 135-36 (1977)); *Grace v. Hakala*, No. 1:11CV81, 2012 WL 2190902, at *10 (E.D. Mo. June 14, 2012) ("the Court refuses to intervene in the prison's rules without good cause for doing so" when issue was whether prisoner plaintiff was entitled to extra library time to meet discovery and motion deadlines).

If, in the future, Plaintiff makes a request for specific, relevant information from a named patient and identified treatment-team members have prevented the exchange of such relevant information, Plaintiff may file a motion to compel under Federal Rule of Civil Procedure 37. Plaintiff should note that such a motion requires a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Federal Rule of Civil Procedure 37(a)(1).

Accordingly,

IT IS ORDERED that Plaintiff's "Memorandum," construed as a motion (Filing No. 32), is denied without prejudice.

DATED this 28th day of June, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge