IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MEE MEE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV569 |
| | ) | |
| v. | ) | |
| | ) | |
| SHERI DAWSON, Director of Behavioral Health, JOHN KROLL, Director of Nursing @ Norfolk Regional Center, DIANE SCHUMACHER, Physician Assistant @ Norfolk Regional Center, AMR BELTAGUI, Personal Psychiatrist @ Norfolk Regional Center, LINDA HANSEN, Unit Supervisor @ Norfolk Regional Center, DIANNA MASTNY, LORI STRONG, DR. JEAN LANGE, DR. DAVID MITCHELL, BEVERLY LEUSHEN, and DONNA CRIST, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

On December 8, 2017, Plaintiff filed a Motion for Enlargement of Time (Filing No. 49) in which to respond to Defendants' Motion for Summary Judgment (Filing No. 43) and to allow additional discovery. Within the text of her Motion, Plaintiff cites Federal Rules of Civil Procedure 56(f)[1], 37 (motions to compel disclosure or

---

[1]Fed. R. Civ. P. 56(f) states: "After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

discovery), and 26(b)(1)[2].

Plaintiff asserts that her attempts to gather "any witness statements, declarations, and other useable documents from witnesses here at the Norfolk Regional Center without staff or administration has been unsuccessful [because] the named administrative staff has imposed threats of negative scoring, or consequences to any patient that involves themselves with plaintiff's actions." (Filing No. 49 at CM/ECF p. 1 (capitalization corrected).) Plaintiff complains that "the administration" at the Norfolk Regional Center has imposed a "no contact order with the plaintiff and Jonathan Messing," has refused to copy relevant documents for Plaintiff, and has subjected Plaintiff to "retaliation daily." In order to prove inconsistencies in the affidavits submitted in support of Defendants' Motion for Summary Judgment, Plaintiff requests that she "be allowed to serve declarations upon 5 patients who has and will submit relevant information" regarding Plaintiff's case pursuant to Fed. R. Civ. P. 26(b)(1). (Filing No. 49 at CM/ECF p. 2 (capitalization corrected).) Plaintiff also requests an enlargement of time until December 29, 2017, to file the sought-after patient declarations and a brief in opposition to Defendants' Motion for Summary Judgment. (Filing No. 49 at CM/ECF p. 3.) Finally, Plaintiff asks the court to remove the "no contact" order between Plaintiff and Jonathan Messing.

### **Request to Obtain Declarations from Five Patients**

The docket sheet for this case indicates that on June 21, 2017, Plaintiff filed a "Memorandum" requesting permission to obtain declarations from fellow residents

---

[2]Fed. R. Civ. P. 26(b)(1) describes the permitted scope of discovery—that is, "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

at the Norfolk Regional Center who could "attest to the retaliation" Plaintiff suffered. (Filing No. 32.) Construing Plaintiff's "Memorandum" as a motion, this court denied it because Plaintiff did not demonstrate "what evidence Plaintiff seeks from whom and how such evidence is relevant to her claims." (Filing No. 33 at CM/ECF p. 2.) The court advised Plaintiff that "If, in the future, Plaintiff makes a request for specific, relevant information from a named patient and identified treatment-team members have prevented the exchange of such relevant information, Plaintiff may file a motion to compel under Federal Rule of Civil Procedure 37." (Filing No. 33 at CM/ECF p. 3.)

Evidently, Plaintiff now attempts to incorporate such a Motion to Compel within her Motion for Enlargement of Time (Filing No. 49). Plaintiff's Motion to Compel—contained within her Motion for Enlargement of Time (Filing No. 49)—will be denied for three reasons:

1. Plaintiff's December 8, 2017, Motion to Compel is untimely under the Progression Order (Filing No. 38), which requires that all motions to compel discovery be filed by November 27, 2017. *Robinson v. ARCO Environments, Inc.*, No. 5:16-CV-5269, 2017 WL 2275030, at *1 (W.D. Ark. May 24, 2017) ("Plaintiff's pro se status does not excuse her from compliance with Court orders or the Federal Rules of Civil Procedure."); *Mabry v. Metro. Council*, No. CV 10-221, 2011 WL 13187195, at *3 (D. Minn. Apr. 28, 2011), *aff'd*, 456 F. App'x 613 (8th Cir. 2012) ("Although she is proceeding pro se, Plaintiff still must follow the Court's orders and the Rules of Civil Procedure.").

2. Even if Plaintiff's Motion was timely, Plaintiff has not indicated how "any witness statements, declarations, and other useable documents" she requests from unnamed fellow patients are relevant to her claims. Although Federal Rule of Civil Procedure 26(b)(1) broadly allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," a "threshold showing of relevance must be made before

3

parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). As Plaintiff was advised once before, Plaintiff's request must be denied for failure to show what relevant, specific information she seeks from named patients at the Norfolk Regional Center.

3. Discovery is now closed and stayed. The Progression Order (Filing No. 38) in this case required that all interrogatories, requests for admission, and requests for production or inspection be served by September 6, 2017; all depositions be completed by November 13, 2017; and all motions to compel discovery be filed by November 27, 2017. In addition, on November 9, 2017, the court ordered that discovery is stayed until further order of the court pending resolution of Defendants' Motion for Summary Judgment, which is based in part on the doctrine of qualified immunity. (Filing No. 48.) This Order stated that "Defendants are not required to respond to any further discovery requests, and Plaintiff is not authorized to serve any additional discovery requests, unless and until the court enters an order lifting the stay." (Filing No. 48 at CM/ECF p. 2.)

**Enlargement of Time to Respond to Motion for Summary Judgment**

Plaintiff's response to Defendants' Motion for Summary Judgment (Filing No. 43) was due on November 29, 2017. Plaintiff's Motion to extend that time was not filed until December 8, 2017. (Filing No. 49.) Thus, Plaintiff's Motion is untimely and could be denied on that basis alone. However, out of an abundance of caution, I shall allow Plaintiff an additional 14 days within which to file a response to Defendants' Motion for Summary Judgment (Filing No. 43). No further extensions of time will be granted. Defendants may file a reply within the time allowed under the Local Rules, after which Defendants' Motion for Summary Judgment (Filing No. 43) shall be deemed ripe for resolution.

4

**Request to Lift No-Contact Order**

Finally, Plaintiff asks the court to remove the Norfolk Regional Center's "no contact" order between Plaintiff and Jonathan Messing. This portion of Plaintiff's Motion will be denied because the court will not involve itself in managing, or establishing policy regarding, disputes between patients at the Norfolk Regional Center. See *Willis v. Smith*, No. C04-4012, 2005 WL 550528, at *17 (N.D. Iowa Feb. 28, 2005) (deferring to administrators' decision that giving plaintiff access to certain book would have "potentially detrimental impact on the integrity of the treatment process on the [Civil Commitment Unit for Sexual Offenders]" and recognizing that "the court must return to the appropriate deference due the decisions of the institution's administrators 'and appropriate recognition [of] the peculiar and restrictive circumstances of [the patients'] confinement.'"; "Furthermore, where the institution in question is a state institution, 'federal courts have a further reason for deference to the appropriate . . . authorities.'") (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 125, 135-36 (1977)); *Grace v. Hakala*, No. 1:11CV81, 2012 WL 2190902, at *10 (E.D. Mo. June 14, 2012) ("the Court refuses to intervene in the prison's rules without good cause for doing so" when issue was whether prisoner plaintiff was entitled to extra library time to meet discovery and motion deadlines).

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Enlargement of Time (Filing No. 49) in which to respond to Defendants' Motion for Summary Judgment (Filing No. 43) is granted in part and denied in part as follows:

1. Plaintiff's request to obtain declarations from fellow residents at the Norfolk Regional Center is denied;

2. Plaintiff's request for more time within which to respond to Defendants'

Motion for Summary Judgment (Filing No. 43) is granted, and Plaintiff shall file such response on or before December 26, 2017. No further extensions of time will be granted. Defendants may file a reply to Plaintiff's response within the time allowed under the Local Rules, after which Defendants' Motion for Summary Judgment (Filing No. 43) shall be deemed ripe for resolution; and

3. Plaintiff's request to remove the Norfolk Regional Center's "no contact" order between Plaintiff and Jonathan Messing is denied.

DATED this 12th day of December, 2017.

                          BY THE COURT:

                          s/ *Richard G. Kopf*
                          Senior United States District Judge